JUDGE KATHLEEN CARDONE

### IN THE UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | |
|---|---|
| **BRANDON CALLIER,** | § § § |
| **Plaintiff,** | § § § |
| **v.** | § § § |
| **CHARTER COMMUNICATIONS, INC. d/b/a SPECTRUM.** | § § |
| **Defendant.** | § § § § |

# EP21CV0193

## PLAINTIFF'S ORIGINAL COMPLAINT

## PARTIES

1. Plaintiff BRANDON CALLIER ("Plaintiff") brings this Complaint and Demand for Jury Trial against Defendant CHARTER COMMUNICATIONS, INC. d/b/a SPECTRUM ("Defendant") to stop placing calls to Plaintiff's cellular telephone and to obtain redress as authorized by statute.

## NATURE OF ACTION

2. Defendant is a prominent nationwide cable and internet service provider providing service to more than 31 million customers including the State of Texas. As part of marketing their products and services, Defendant and its agents placed calls to Plaintiff's cell phone that used an autodialing system and a prerecorded voice advertisement.

3. Defendant makes unsolicited and unauthorized phone calls to sell internet and cable services.

1

4. Defendant did not obtain consent from Plaintiff prior to calling his cell phone, and Defendant is therefore liable under the Telephone Consumer Protection Act 47 U.S.C. § 227 (the "TCPA") and its implementing regulation, 47 C.F.R. § 64.1200(a)(2).

5. Congress enacted the TCPA in 1991 to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

6. The TCPA targets unauthorized calls exactly like the ones alleged in this case, based on Defendant's use of technological equipment to spam consumers on a grand scale without their consent.

7. By placing the calls at issue, Defendant has violated the privacy of Plaintiff and caused him to suffer damages that are recognized by statute.

8. Plaintiff therefore seeks an injunction requiring Defendant to stop calling his cell phone, as well as an award of actual and statutory damages, civil penalties, costs and reasonable attorneys' fees.

## PARTIES

9. Plaintiff BRANDON CALLIER is a natural person and is a citizen of the Western District of Texas and was present in the Western District of Texas during all calls at issue in this case.

10. Defendant CHARTER COMMUNICATIONS, INC. d/b/a SPECTRUM ("Spectrum") is a corporation organized and existing under the laws of Delaware and can be served via registered agent Corporation Service Company, DBA CSC-Lawyers INCO, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## JURISDICTION AND VENUE

11. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as this case arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal stature.

12. This Court has supplemental subject matter jurisdiction over Plaintiff's claim arising under Texas Business and Commerce Code 305.053 because that claim arises from the same nucleus of operative fact, i.e., Defendant's telemarketing robocalls to Plaintiff; adds little complexity to the case; and doesn't seek money damages, so it is unlikely to predominate over the TCPA claims.

13. This Court has personal jurisdiction over Defendant because it conducts business in this District and in the State of Texas and because the events giving rise to this lawsuit occurred in this District.

14. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendant regularly conducts business in the state of Texas and in this District, and because the wrongful conduct giving rise to this case occurred in this District.

## FACTUAL ALLEGATIONS

15. Plaintiff has been on the Do-Not-Call registry since December 2007.

16. Defendant is a serial violator of the TCPA and has been sued under the statute numerous times including multiple class action lawsuits.

17. Defendant has adopted intentional violation of the TCPA as a cost of doing business and has no intention of ceasing the illegal robocalls because it benefits Defendant financially.

18. Plaintiff received robocalls with prerecorded voice messages on May 24, 2021, June 16, 2021, and July 13, 2021. Plaintiff answered each of these calls and heard the prerecorded voice message soliciting cable television. However, the calls dropped before Plaintiff could complete the calls.

19. On August 17, 2021, Plaintiff received a phone call from phone number 915-434-1215. Plaintiff answered the phone and head the following prerecorded voice message"

> "This is a courtesy call for our customers. We have a promotion running in which we are helping our customers in dropping down their monthly bills. Press one and be directed to a live representative."

20. Plaintiff pressed one and was connected to a live representative named "Eric" who solicited Plaintiff for both cable and internet services through the Defendant.

21. Defendant enrolled Plaintiff in its internet and cable services and sent Plaintiff an email confirming the enrollment.

22. Defendant employs outrageous, aggressive, and illegal sales techniques that violate multiple federal laws and state consumer statutes.

23. Defendant participated in, facilitated, directed, authorized, knew of or willfully ignored the false and misleading sales practices and unlawful robocalling, and approved, and ratified the conduct of their employees, agents, and co-conspirators to engage in the false and misleading sales practices and unlawful robocalling.

24. Defendant refuses to take any action to stop or curtail the unlawful sales practices and robocalling because these practices benefit Defendant.

25. Plaintiff never consented to receive the calls alleged herein.

26. Plaintiff received the following calls from Defendant (Table A)

| Date | Time of Call | Phone Number | Name on Caller ID |
|------|-------------|--------------|-------------------|
| 17-Aug-21 | 10:59 AM | 915-434-1215 | UNKNOWN NAME |
| 13-Jul-21 | 11:23 AM | 855-321-9709 | UNKNOWN NAME |
| 16-Jun-21 | 3:11 PM | 833-317-2507 | UNKNOWN NAME |
| 24-May-21 | 9:10 AM | 304-867-4704 | UNKNOWN NAME |

4

## VICARIOUS LIABILITY OF SELLERS

27. These parties are vicariously liable under the theories of actual authority, apparent authority, and ratification, and as well as liable because any other result would impair the underlying purpose of the TCPA.

28. Charter Communications, INC. d/b/a Spectrum is the liable party as the direct beneficiary of the illegal telemarketing calls as it stood to gain the Plaintiff as a client and quoted the Plaintiff their services in obtaining cable and internet service.

29. The email shows that the beneficial parties who was gaining customers was Spectrum.

30. Charter Communications, INC. authorized third party telemarketers to generate prospective customers.  Charter Communications hired telemarketers to promote its products and services.

31. As the court ruled in Jackson v Caribbean Cruise Line, Inc., the defendant sellers should be held liable for their violations of the TCPA. Courts have looked at the purpose of the TCPA and found that not holding the sellers liable through vicarious liability would undermine the purpose of the TCPA.

### The Texas Business and Commerce Code 305.053

32. The Texas Business and Commerce code has an analogous portion that is related to the TCPA and was violated in this case.

33. The Plaintiff may seek damages under this Texas law for violations of 47 USC 227 or subchapter A and seek $500 in statutory damages or $1500 for willful or knowing damages.

### INJURY, HARM, DAMAGES AND ACTUAL DAMAGES
### AS A RESULT OF THE PHONE CALLS

34. Defendant's calls harmed the Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

35. Defendant's calls harmed the Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

36. Defendant's calls harmed the Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone line.

37. Defendant's calls harmed the Plaintiff by intruding upon Plaintiff's seclusion.

38. The Plaintiff has been harmed, injured, and damages by the calls including, but not limited to: Invasion of privacy, reduced enjoyment of my cell phone, reduced battery usage, anger, frustration, irritation and aggravation.

## PLAINTIFF'S CELL PHONE IS A RESIDENTIAL PHONE

39. The calls were to the Plaintiff's cellular phone 915-383-4604, which is the Plaintiff's personal cell phone that he uses for personal, family, and household use. The Plaintiff maintains no landline phones at his residence and has not done so for at least 10 years and primarily relies on cellular phones to communicate with friends and family. The Plaintiff also uses his cell phone for navigation purposes, sending and receiving emails, timing food when cooking, and sending and receiving text messages. The Plaintiff further has his cell phone registered in his personal name, pays the cell phone from his personal accounts, and the phone is not primarily used for any business purpose.

## FIRST CAUSE OF ACTION

**Willful and/or Knowing Violation of 47 U.S.C. § 227**
**Telephone Consumer Protection Act of 1991**
**(Against all Defendants)**

40. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

41. Defendant and/or its agents placed calls to Plaintiff's cellular telephone.

6

42. Plaintiff never consented to receive calls from Defendant. Plaintiff has no relationship with Defendant.

43. Defendant's calls were made for purposes of advertising and marketing Defendant's internet and cable service. These calls constituted commercial advertising and telemarketing as contemplated by the TCPA.

44. The calls were made using an artificial or prerecorded voice message to the cellular phone of Plaintiff in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and (B).

45. As a result of their unlawful conduct, Defendant repeatedly invaded the personal privacy of Plaintiffs, causing Plaintiff to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling Plaintiff to recover $500 in statutory damages for each violation and an injunction requiring Defendant to stop their unlawful calling campaigns.

46. Not only did Defendant make these violating calls, Defendants and/or their agents did so "knowingly" and/or "willfully' under 47 U.S.C. § 227 (b)(3)(C).

47. If the Court finds that Defendant willfully or knowingly violated this subsection, the Court may exercise its discretion to increase the amount of the award from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

## SECOND CAUSE OF ACTION
### Telemarketing Without Mandated Safeguards, 47 C.F.R. § 64.1200(d)
### (Against All Defendants)

48. Plaintiff incorporates the forgoing allegations as if fully set forth herein.

49. The foregoing acts and omissions of Defendant and/or their affiliates or agents constitute multiple violations of FCC regulations by making telemarketing solicitations despite lacking:

    a.   written policy, available upon demand, for maintaining a do-not-call list, in violation of

        47 C.F.R. § 64.1200(d)(1)[1];

    b.   training for the individuals involved in the telemarketing on the existence of and use of a

        do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(2)[2]; and,

    c.   in the solicitations, the name of the individual caller and the name of the person or entity

        on whose behalf the call is being made, in violation of 47 C.F.R. § 64.1200(d)(4).[3]

50. Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C.

    § 227(c)(5)(B).

51. Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful

    violation. 47 U.S.C. § 227(c)(5).

## THIRD CAUSE OF ACTION
### Violations of The Texas Business and Commerce Code 305.053

52. Plaintiff incorporates the foregoing allegations as if set forth herein.

53. The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute

    multiple violations of the **Texas Business and Commerce Code 305.053**, by making non-

    emergency telemarketing robocalls to Mr. Callier's cellular telephone number without his prior

    express written consent in violation of 47 USC 227 et seq. The Defendants violated 47 USC

    227(d) and 47 USC 227(d)(3) and 47 USC 227(e) by using an automated dialing system that

    does not comply with the technical and procedural standards under this subsection.

54. Plaintiff is entitled to an award of at least $500 in damages for each such violation. **Texas**

    **Business and Commerce Code 305.053(b)**

---

[1] *See id.* at 425 (codifying a June 26, 2003 FCC order).
[2] *See id.* at 425 (codifying a June 26, 2003 FCC order).
[3] *See id.* at 425 (codifying a June 26, 2003 FCC order

55. Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful

violation. **Texas Business and Commerce Code 305.053**(c).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Brandon Callier prays for judgment against the defendant as follows:

A.      Leave to amend this Complaint to name additional DOESs as they are identified and to

conform to the evidence presented at trial;

B.      A declaration that actions complained of herein by Defendant violates the TCPA and

Texas state law;

C.      An injunction enjoining Defendant and their affiliates and agents from engaging in the

unlawful conduct set forth herein;

D.      An award of $3000 per call in statutory damages arising from the TCPA intentional

violations jointly and severally against the corporation and individual for four (4) calls.

E.      An award of $1,500 in statutory damages arising from violations of the Texas Business

and Commerce code 305.053

F.      An award to Mr. Callier of damages, as allowed by law under the TCPA;

G.      An award to Mr. Callier of interest, costs and attorneys' fees, as allowed by law and

equity;

H.      Such further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.


August 19, 2021                              Respectfully Submitted,

Brandon Callier
Plaintiff, Pro Se
6336 Franklin Trail
El Paso, Texas 79912
Callier74@gmail.com